**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES DELANCEY**                                              **CIVIL ACTION**

**VERSUS**                                                              **CASE NO. 22-4647**

**OCHSNER FOUNDATION CLINIC**                          **SECTION: "G"(4)**

**<u>ORDER</u>**

Before the Court is Defendant Ochsner Foundation Clinic's ("Defendant") "Rule 12(b)(6) Motion for Partial Dismissal."[1] On November 23, 2022, Plaintiff Charles Delancey ("Plaintiff") filed a complaint in this Court alleging retaliation and gender, race, and national origin hostile work environment and disparate treatment discrimination by Defendant's employees, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.[2] On February 13, 2023, Defendant filed the instant motion, asserting that the Court should dismiss (1) Plaintiff's hostile work environment discrimination claim and (2) Plaintiff's disparate treatment discrimination claim, to the extent it is "based on any alleged adverse employment action other than Plaintiff's termination."[3]

On March 29, 2023, Plaintiff filed an "Unopposed Motion for Leave to File an Amended Complaint,"[4] requesting leave to amend the Complaint "to resolve the issues noted in the

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 1.

[3] Rec. Doc. 5 at 1.

[4] Rec. Doc. 12.

1

Defendant's Motion to Dismiss, making a ruling on the dismissal moot."[5] On March 31, 2023, the Court granted Plaintiff leave to file the Amended Complaint[6] and Plaintiff filed an amended complaint.[7]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[8] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[9] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[10]

---

[5] *Id.* at 1.

[6] Rec. Doc. 14.

[7] Rec. Doc. 15.

[8] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15.*

[9] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La2013) (Brown, J.); *see also, e.g., Lee v. Ability Ins. Co.,* No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co.,* 2007 WL 2713731, at *1 (W.D. Mich. 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC,* 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.,* 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.,* 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.,* 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure,* § 1476 at 556–58 (2d ed. 1990)).

[10] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15.*

The pending motion to dismiss asserts that Plaintiff fails to plead discrimination based on a hostile work environment and disparate treatment. Plaintiff has filed an amended complaint to resolve the issues raised by the pending motion. Therefore, the Court concludes that applying the pending motion to the Amended Complaint would cause confusion and detract from the efficient resolution of the issues.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ochsner Foundation Clinic's "Rule 12(b)(6) Motion for Partial Dismissal"[11] is **MOOT**.

**NEW ORLEANS, LOUISIANA**, this _3rd_ day of April, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[11] Rec. Doc. 5.